1  Sanjay Bhandari (Cal. Bar No. 181920)
   McNamara Smith LLP
2  655 West Broadway, Suite 1600
   San Diego, California 92101
3  Telephone: 619-269-0400
   Facsimile:  619-269-0401
4  Email:  sbhandari@mcnamarallp.com

5  *Attorneys for Shiv D. Kumar*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>    v.<br><br>SHIV D. KUMAR,<br><br>           Defendant. | Case No. 4:17-cr-00114-JST<br><br>**OPPOSITION TO UNITED STATES' SUPPLEMENTAL SENTENCING MEMORANDUM REGARDING RESTITUTION, SUPERVISED RELEASE TERM, AND SURRENDER DATE**<br><br>JUDGE:  Hon. Jon S. Tigar<br>CTRM:   3, 3rd Fl. (Oakland)<br>DATE:    November 17, 2017<br>TIME:    9:30 a.m. |

For the reasons set forth in Mr. Kumar's concurrently filed Motion to Continue Sentencing, to proceed with sentencing would violate Mr. Kumar's constitutional rights in several ways that would each be reversible error. To allow the parties to discuss how to proceed, Mr. Kumar asks the Court to set this case for a status hearing in mid-December, and to deny the Government's Motion (ECF No. 28) as moot. In the event that the Court denies Mr. Kumar's motion and proceeds with sentencing, this memorandum sets forth Mr. Kumar's position on the issues raised in the Government's Motion.

## **PROCEDURAL POSTURE**

The Government's Motion asks that the Court reduce from 3 years to 1 year the supervised release term the Court announced during the October 6, 2017 sentencing hearing. Although the government does not acknowledge the issue, its motion is within the Court's power to grant only if the sentencing hearing remains open, including issues about which the Court expressed views on October 6. *See* Fed. R. Crim. P. 35(a) (limiting Court's power to correct sentences to 14 days); *United States v. Penna*, 319 F.3d 509, 512 (9th Cir. 1999) ("The district court must correct a sentence within seven [now fourteen] days after orally pronouncing it *or else it loses its jurisdiction to modify the sentence*.") (emphasis in original). Based on the record, Mr. Kumar tentatively agrees with the government that the sentencing hearing remains open, including issues about which the Court expressed views. However, because the procedural posture of this case is rather unique and not free from doubt, the Court may wish to have briefing on this.

Near the end of the last hearing, because of stress and significant heart disease,[1] Mr. Kumar suffered a cardiac incident that led to him being admitted to the hospital, and less than a week later to get a heart operation.[2] The Sentencing Hearing Transcript reflects that the Court

---

[1] On August 23, 2017, Mr. Kumar had a heart attack while in Sacramento, which doctors responded to by installing two stents to widen blocked coronary arteries. The angiogram revealed significant coronary heart disease causing blockages throughout the large and small blood vessels of his heart, with one lesion at 90%, one at 80%, six at 70%, etc. Decl. of Sanjay Bhandari in Support of Motion to Continue, ¶ 2.

[2] During Mr. Kumar's October 6-7, 2017 overnight hospital stay, because of the disease throughout his heart including blood vessels too small to treat by angioplasty or stents, the treating cardiologist recommended that Mr. Kumar have bypass surgery. Mr. Kumar declined,

1   Case No. 4:17-cr-00114-JST
OPPOSITION TO UNITED STATES' SUPPLEMENTAL SENTENCING MEMORANDUM

stopped the sentencing hearing upon seeing Mr. Kumar's symptoms, *see* Sent. Transcript (Bhandari Decl. Ex. 2) at 17:16-19 and after a pause decided "to continue the sentencing hearing until November 17." Sent. Transcript at 19:17-18. The Minutes reflect that the "Proceedings were halted before pronouncement of sentence was complete due to the Defendant experiencing a medical emergency," and so "[s]entencing [was] continued to November 17, 2017 at 9:30 a.m. in Oakland." ECF No. 19, at 2. Accordingly, although Mr. Kumar has found no case analyzing precisely this case's procedural posture, he believes the record supports the conclusion that sentence has not yet been pronounced, and all matters that could be addressed before sentencing remain open.

## DISCUSSION

**I. Supervised Release**

Mr. Kumar agrees with the government and the Probation Office that the maximum supervised release term allowed by 18 U.S.C. § 3583(b)(3) for the one count of conviction is one year. Govt. Mot. (ECF No. 28) at 2; PSR ¶ 55 ("The Court may impose a term of supervised release of not more than one year on Count 1."); 26 U.S.C. § 7206 (providing maximum 3-year term of imprisonment); 18 U.S.C. § 3559(a)(1) (classifying offenses with a maximum term of imprisonment between one and five years as Class E felonies); 18 U.S.C. § 3583(b)(3) (limiting supervised release to "not more than one year" for Class E felonies). The supervised release term of 3 years in the Court's tentative sentence on October 6, 2017, *see* Sent. Transcript at 15:1-2, would be illegal.

Mr. Kumar submits that just as a custodial sentence at the top of his three-year range would have been inappropriate, so too there is no need for a maximum term of supervised release. Mr. Kumar is not a drug offender who must be guided on his return to society. His 60-year journey of hard work from a village in India has been spotless and admirable, the issues in

---

preferring to speak with his family before deciding. On October 11, Mr. Kumar had another cardiac incident that led to him being rushed to the emergency room, this time undergoing another catheterization, angioplasty, and stent implantation. He was given a new blood vessel relaxing drug, remains subject to significant angina, and remains in possible need of bypass surgery. Bhandari Decl., ¶ 2.

this prosecution having arisen during a traumatic but now long-past period of his wife's suffering and dying from cancer. PSR ¶ 71 ("The instant offense occurred at a very difficult time when his wife was dying. Kumar has never before had contact with law-enforcement, and the instant offense appears to be a relatively isolated incident of wrong-doing."); PSR Sent. Rec. at 1-2 (noting Mr. Kumar's first job ironing shirts at three cents per item, his slow working his way through various small businesses, his strong family life, his clean record, and his attempts to make things right with the IRS). Any tax issues will be resolved through a civil assessment process which will commence automatically upon the closing of the criminal case, and will proceed according to a completely different timetable and set of rules. There is no need for a further criminal oversight period.

**II.     Restitution**

Based on a claimed tax loss of "$1,547,945 for 2008, 2009, and 2010," the government asks the Court "to impose a total restitution amount of $49,388.30." ECF 28 at 3. For the reasons discussed in Mr. Kumar's Motion to Continue, such an order would be not only unsupported but also illegal, because the restitution would be outside what is stipulated in the plea agreement and therefore outside what is allowed by statute.[3] The government's motion should be denied, and no criminal restitution should be ordered. Any tax owed will be paid through civil assessment process that will follow.

**III.    Self-Surrender**

Neither the government nor the Court have expressed any concern about Mr. Kumar's being a flight risk or a danger to the community. He has had two heart operations within the past three months and has been recommended bypass surgery, which would require rehabilitation. He needs time to make that decision and his new counsel needs time to be able to investigate issues relevant to Mr. Kumar's case, including issues bearing on appeal and self-surrender. For these reasons, a self-surrender date of April 15, 2018 is appropriate.

///

---

[3] *United States v. Phillips*, 174 F.3d 1074, 1076 (9th Cir. 1999) ("a restitution order which exceeded [the court's] authority under the VWPA is equivalent to an illegal sentence")

## **CONCLUSION**

Mr. Kumar respectfully requests that the Court deny the Government's Motion, preferably as moot based upon the facts and arguments presented in Mr. Kumar's Motion to Continue, but in the alternative, based on the matters noted above.

Dated: November 15, 2017    McNamara Smith LLP

By: /s/ Sanjay Bhandari
       Attorneys for Def. Shiv D. Kumar

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of November, 2017, the foregoing document (**Opposition to United States' Supplemental Sentencing Memorandum Regarding Restitution, Supervised Release Term, and Surrender Date**) was electronically transmitted to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

/s/ Sanjay Bhandari
Sanjay Bhandari